# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Sina Roughani, | Case No. 24-cv-2417 (KMM/DJF) |
| Plaintiff, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| Andrew Job Draper, | |
| Defendant. | |

Plaintiff Sina Roughani alleges Defendant Andrew Job Draper violated 42 U.S.C. § 1983 and various federal criminal statutes by making false statements about Mr. Roughani during an official proceeding. Mr. Roughani filed an application to proceed *in forma pauperis* ("IFP Application") (ECF No. 2), and his Complaint (ECF No. 1) and IFP Application are now before the Court for preservice review pursuant to 28 U.S.C. § 1915(e)(2). Based on that review, the Court recommends dismissing Mr. Roughani's Complaint without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court further recommends denying Mr. Roughani's IFP application as moot.

Mr. Roughani plainly qualifies financially for IFP status. (*See* ECF No. 2.) But an IFP application will be denied, and an action will be dismissed, when the underlying complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

1

In reviewing whether a complaint states a claim on which relief may be granted, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level …." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). And though pro se complaints must be construed liberally, they still must allege facts sufficient to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Roughani's Complaint is difficult to follow, but it appears to assert that Mr. Draper falsely represented, during an unidentified "official proceeding", that Mr. Roughani told police officers he was not taking prescribed medication for schizophrenia, ADHD, and depression. (ECF No. 1 at 4.) Mr. Roughani says he notified "all" of the error, but it has not been corrected. (*Id.*) Mr. Roughani asserts violations of 42 U.S.C. § 1983 and various federal criminal statutes, including 18 U.S.C. § 241 (conspiracy against rights); 18 U.S.C. § 242 (deprivation of rights under color of law); 18 U.S.C. § 245 (interference with federally protected activities); 18 U.S.C. § 1035 (providing false statements related to health care matters); 18 U.S.C. § 1512 (tampering with a witness, victim, or informant); 18 U.S.C. § 1513 (retaliating against a witness, victim, or an informant); and 18 U.S.C. § 1621 (committing perjury). (*Id.* at 3.)

There are several problems with these claims. First, to establish a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir.

2

2006).  Mr. Roughani asserts no facts establishing that the sole defendant to this action—Andrew Job Draper—was a state official or otherwise operating as a state actor at the time of the events giving rise to his claims.

One possible interpretation of Mr. Roughani's complaint is that he objects to statements Mr. Draper may have made in court.  To the extent "official proceedings" means judicial proceedings, and Mr. Draper was acting as a prosecutor in connection with those proceedings, Mr. Draper would be entitled to prosecutorial immunity.  "If [a] prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.33d 1261, 1266 (8th Cir. 1996).  Absolute immunity "covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process."  *Id*.  Thus, if Mr. Roughani seeks to attach section 1983 liability to representations Mr. Draper made as a prosecutor in judicial proceedings, Mr. Draper likely is immune from suit and Mr. Roughani's section 1983 claim fails as a matter of law.

Second, courts have repeatedly held that 18 U.S.C. §§ 241, 242, and 245 do not establish a private cause of action.  *See Roberson v. Pearson*, 12-cv-2056 (ADM/FLN), 2012 WL 4128303, at *1 (D. Minn. Aug. 27, 2012) (listing cases), *report and recommendation adopted*, 2012 WL 4128293 (D. Minn. Sept. 18, 2012).  The court similarly considered and rejected the argument that there is a private right of action under 18 U.S.C. § 1512 in *Leekley-Winslow v. Medlicott*, Case No. 20-CV-0653 (SRN/KMM), 2020 WL 2812757, at *2 (D. Minn. May 4, 2020) (reviewing case law), *report and recommendation adopted by* 2020 WL 2805255 (D. Minn. May 29, 2020).  Courts in this Circuit likewise have concluded there is no private right of action for alleged violations of 18 U.S.C. § 1513, *see Nawrocki v. Bi-State Develop.*, 4:18-cv-

3

01034 (JCH), 2018 WL 4562908, at *5 (E.D. Mo. Sept. 24, 2018) (listing cases), section 1621, *see Kapacs v. Brunsell*, 18-cv-3089 (NEB/ECW), 2018 WL 6977600, at *4 (D. Minn. Nov. 6, 2018), *report and recommendation adopted by* 2019 WL 121252 (D. Minn. Jan. 7, 2019), or section 1035, *see Progressive Northern Ins. Co. v. Alivio Chiropractic Clinic, Inc.*, 05-cv-0951 (PAM/RLE), 2005 WL 2739304, at *4 (D. Minn. Oct. 24, 2005). These claims should be dismissed because the asserted statutes do not establish grounds for private lawsuits.

For the foregoing reasons, the Complaint fails to articulate any facts or law from which the Court can discern a viable cause of action. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) ("A district court … is not required 'to divine the litigant's intent and create claims that are not clearly raised.'"). Mr. Roughani's Complaint thus should be dismissed without prejudice for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and his IFP application (ECF No. 2), should be denied as moot.

This leaves one final housekeeping matter. In his Complaint, Mr. Roughani requests that his address, telephone number, and email address remain confidential and "not be published." (ECF No. 1 at 1). Construing Mr. Roughani's Complaint as a Motion to Seal the Complaint pursuant to Local Rule 5.6(e), the Court ordered Mr. Roughani to file a motion for continued sealing in accordance with that Rule by July 12, 2024. (ECF No. 3.) Mr. Roughani filed a response to the Court's order requesting that the Complaint continue to be sealed "due to the substantially non-public matters and relief involved." (ECF No. 4.) Given the Court's recommendation that this matter be dismissed in full, Mr. Roughani's personal contact information is of little or no value to the public. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013). The Court therefore grants Mr. Roughani's Motion Regarding Continued Sealing, but only to the extent that he seeks to keep his personal contact information sealed.

4

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Continued Sealing (ECF No. [4]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The Clerk of the Court is directed to keep the unredacted Complaint (ECF No. [1]) **UNDER SEAL**; and

    b. The Clerk of the Court is directed to publicly file a redacted version of the Complaint with redactions concealing Plaintiff's address, telephone number and email address.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Complaint (ECF No. [1]) be **DISMISSED WITHOUT PREJUDICE**; and

2. Plaintiff's IFP Application (ECF No. [2]) be **DENIED AS MOOT**.

Dated: July 18, 2024                          *s/ Dulce J. Foster*
                                              Dulce J. Foster
                                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).