UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sina Roughani, | Case No. 24-cv-2417 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Job Draper, | |
| Defendant. | |

This matter is before the Court on Plaintiff Sina Roughani's objections, ECF No. 10, to Magistrate Judge Dulce J. Foster's July 18, 2024 report and recommendation ("R&R"). ECF No. 6. Judge Foster recommended that Mr. Roughani's application to proceed in forma pauperis ("IFP"), ECF No. 2, be denied and that this action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. For the reasons stated below, the Court accepts the R&R in its entirety, dismisses this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and denies Mr. Roughani's IFP application as moot.

I.   BACKGROUND

Mr. Roughani commenced this action against Defendant Andrew Job Draper alleging a violation of his civil rights under 42 U.S.C. § 1983 and various federal statutes. ECF No. 1. Mr. Roughani appears to assert that Mr. Draper falsely represented, during an

"official proceeding," that Mr. Roughani told police officers that he was not taking prescribed medication. ECF No. 1 at 4.

In the R&R, Judge Foster determined that, although Mr. Roughani qualifies financially for IFP status, he nevertheless fails to state a claim upon which relief can be granted. R&R at 1. Although Mr. Roughani identified numerous statutes, which he asserts support his claims, Judge Foster concluded that he failed to adequately plead a cause of action under any of them. Judge Foster further noted that, to the extent that Mr. Roughani's allegations stem from a judicial proceeding where Mr. Draper was acting as a prosecutor in connection with those proceedings, Mr. Draper would be entitled to prosecutorial immunity. *Id.* at 3.

## II.   DISCUSSION

The district court must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which specific objections have been made. Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). And where a litigant has filed an application to proceed without paying fees or costs, the district court may dismiss the complaint if it determines that the action fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Roughani submitted a timely objection in this matter, although it is difficult to discern the precise nature of his argument. Nonetheless, out of an abundance of caution, the Court will apply the *de novo* lens for review that applies when objections have been lodged

2

to an R&R. Even with that more searching review, the Court agrees with Judge Foster that dismissal without prejudice is appropriate in this case.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Sina Roughani's objections [ECF No. 10] to the Report and Recommendation are **OVERRULED**;

2. Magistrate Judge Foster's Report and Recommendation [ECF No. 6] is **ACCEPTED in its entirety**;

3. Mr. Roughani's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**; and

4. Mr. Roughani's IFP application [ECF No. 2] is **DENIED AS MOOT**.

Date: October 30, 2024                     *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States District Judge