UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sina Roughani,

        Plaintiff,

v.

Andrew Job Draper,

        Defendant.

Case No. 24-cv-2417 (KMM/DJF)

**ORDER**

---

Plaintiff Sina Roughani has filed a request for review of the Court's disposition. ECF No. 15. The Court construes this as a motion, pursuant to Fed. R. Civ. P. 60(b), for relief from the Court's October 30, 2024 Order. ECF No. 13. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic of extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

  Only Rule 60(b)(6) appears to apply to Mr. Roughani's motion. But relief under the "catchall" provision of Rule 60(b)(6) is available only under "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)); *see also Schwieger v. Farm Bur. Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000) (referring to "exceptional circumstances"). This standard is met when circumstances "'have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.'" *Murphy v. Mo. Dep't. of Corrections*, 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).

  As explored, Mr. Roughani fails to show that this case involves exceptional circumstances justifying relief under Rule 60(b)(6). The Court construes his Request for Review as raising two arguments about why the Court's Order was incorrect, and they are addressed in turn below.

  ***Claims Against Mr. Draper in His Individual Capacity***

  Mr. Roughani's Request for Review can be read to first suggest that the Report and Recommendation ("R&R") of United States Magistrate Judge Dulce J. Foster dated July 18, 2024, ECF No. 6, and this Court's October 30 Order are both in error because he sued Defendant Draper in his individual capacity. However, nowhere in the Complaint or in Mr. Roughani's objections to the R&R did he state that Mr. Draper was being sued in his individual capacity. And when a plaintiff fails to state whether the suit brings claims against

2

officials in their individual or official capacities, "'the suit is construed as being against the defendants in their official capacities' only." *Wattleton v. Hodge*, No. 18-cv-00793 (ECT/BRT), 2019 WL 2432159, at *2 (D. Minn. June 11, 2019), (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). As a result, Mr. Roughani incorrectly asserts that he brought individual-capacity claims against Defendant Draper.

This conclusion is further supported by a review of Mr. Roughani's pleadings. Although Mr. Roughani does not go into much detail, it is clear that he complains about Mr. Draper's acts while the latter was acting in his official capacity rather than in his individual capacity. *See Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). ("Generally, individual-capacity suits involve actions taken by governmental agents outside the scope of their official duties. Official-capacity suits typically involve either allegedly unconstitutional state policies or unconstitutional actions taken by state agents possessing final authority over a particular decision."). In Mr. Roughani's complaint, he demands the following:

> [T]ake from the originators of misinformation the total of the average official prosecutorial compensation of approximately $20 from the malicious fraudulent case to be terminated immediately upon service to be deposited into Minnesota's general fund for unsuccessful prosecution from police misconduct of perjury harming government efficiency to cure the loss sustained.

ECF No.1-1 at 3. Based on the material provided by Mr. Roughani, to the extent that he seeks injunctive relief, it can apply only to Mr. Draper in his official capacity, not in his individual capacity. *See, e.g.*, *Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) ("Section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity.").

3

Moreover, even if Mr. Roughani had included individual-capacity claims against Draper, Draper would be entitled to immunity on those claims. Indeed, as Judge Foster explained in the R&R, which this Court accepted in its October 30 Order, "[t]o the extent 'official proceedings' means judicial proceedings, and Mr. Draper was acting as a prosecutor in connection with those proceedings, Mr. Draper would be entitled to prosecutorial immunity." R&R at 3. The Court finds nothing in Mr. Roughani's request for Rule 60(b) relief to undermine that conclusion in the context of any individual-capacity claim.

### *Limits on Prosecutorial Immunity*

Mr. Roughani's Request for Review can also be read to raise a second argument. Specifically, Mr. Roughani suggests that because his claim includes a request for injunctive relief (and in light of the fact that it has been construed as an official capacity claim), prosecutorial immunity does not apply. Mr. Roughani is correct about this. *See Onstad v. Bethell*, No. 6:21-CV-06105, 2021 WL 4163995, at *3 n.2 (W.D. Ark. Aug. 30, 2021), *report and recommendation adopted*, No. 6:21-CV-06105, 2021 WL 4166329 (W.D. Ark. Sept. 13, 2021) ("Prosecutors enjoy absolute prosecutorial immunity from damages liability in certain circumstances; however, absolute prosecutorial immunity does not extend to actions for declaratory and injunctive relief.") (citing *Supreme Court v. Consumers Union of United States*, 446 U.S. 719, 736 (1980)); *Jorgensen v. Union Cnty.*, No. 4:22-CV-04124-KES, 2023 WL 4868325, at *4 (D.S.D. July 31, 2023) ("The doctrine of absolute immunity for prosecutors, though applicable to claims for money damages, is not applicable to injunctive relief. . . ."). The Order was incorrect in adopting the Report and

4

Recommendation's suggestion about the application of prosecutorial immunity without making this distinction between damages and injunctive relief clear. However, the Court notes that immunity was not the only basis for the dismissal of this case following pre-service review of the pleadings pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Even though absolute prosecutorial immunity does not apply to Mr. Roughani's official-capacity claims for injunctive relief against Draper, the Court still finds that Mr. Roughani's Complaint is subject to dismissal without prejudice for failure to state a claim. The Report and Recommendation adopted by the undersigned District Court Judge identified flaws with Mr. Roughani's Complaint beyond simply the immunity issue, including the lack of a private right of action for certain of the statutes cited in the Complaint and the lack of specific allegations regarding Mr. Draper's conduct. The Court has carefully reviewed Mr. Roughani's Complaint once again and finds that Mr. Roughani has offered little more than conclusory statements and failed to allege facts setting forth a plausible claim of prosecutorial misconduct. The Court has before it no allegations that clearly identify what Draper did in his capacity as a prosecutor that Mr. Roughani claims to have violated his constitutional rights pursuant to 42 U.S.C. § 1983. Under these circumstances, the Court finds that dismissal without prejudice is the appropriate course of action. As a result, the Court will not grant Mr. Roughani relief under Rule 60(b)(6), and directs the Court to enter judgment in accordance with the October 30 Order.

**IT IS HEREBY ORDERED**:

1. Plaintiff Roughani's Rule 60(b)(6) motion is **DENIED**;

2. The Clerk shall enter Judgment in accordance with the Court's October 30, 2024

Order.

Date: January 13, 2025                    *s/Katherine Menendez*
                                          Katherine Menendez
                                          United States District Judge